# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HERSCHEL COLEMAN, JR.,
ROSLYN COLEMAN

       Plaintiff,                        CASE NO. 07-12227
                                                HON. LAWRENCE P. ZATKOFF

v.

HOMESIDE LENDING, INC.,
MIDFIRST BANK,

       Defendants.
_____/

## OPINION AND ORDER

       AT A SESSION of said Court, held in the
       United States Courthouse, in the City of Port Huron,
       State of Michigan, on October 26, 2007

       PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
                    UNITED STATES DISTRICT JUDGE

This matter is before the Court on (1) Defendants' Motion for Summary Judgment filed on June 27, 2007 (Docket #7), and (2) this Court's Order to Show Cause dated August 23, 2007, wherein the Court stated:

> Therefore, the Court HEREBY ORDERS the Plaintiffs to SHOW CAUSE, in writing, no later than 5:00 p.m. on September 7, 2007, as to why Defendants' motion should not be granted. Plaintiffs' response shall contain specific and accurate legal support, including pinpoint citations to authority relied upon, and shall be limited to twenty pages and comply with E.D. MICH. L.R. 5.1.

On September 10, 2007, Plaintiffs filed a "Petition to Extend Time for Show Cause" (Docket #10),[1] wherein Plaintiffs asked for an additional week to file their response. As of the date of this Opinion and Order, Plaintiffs still have not filed a response. For the following reasons, the Court GRANTS

---

[1] The Court hereby GRANTS Plaintiffs' Petition to Extend Time for Show Cause.

Defendants' Motion for Summary Judgment.

The Court notes that Plaintiffs are proceeding *in propria persona* in this matter. As such, the Court first gave Plaintiffs more than the normal period of time to respond to the Order to Show Cause. In addition, when the Court received Plaintiffs' Petition to Extend Time for Show Cause, the Court withheld consideration and determination of Defendants' Motion for Summary Judgment for an additional month. Now, six weeks after the date Plaintiffs were Ordered to respond to Defendants' Motion for Summary Judgment, the Court concludes that the interests of justice and the management of the Court's docket require consideration of this matter. Because Plaintiffs are proceeding *in propria persona*, the Court has looked to the substance of the pleadings (rather than the form) when reviewing all of the documents filed by Plaintiffs. *See Haines v. Kerner*, 404 U.S. 519 (1972).

In looking at the docket and the substance of Plaintiffs' filings, several things are clear:

   A.  Despite the Court's directive, Plaintiffs did not respond to the Court's Order to Show Cause dated August 23, 2007.

   B.  Plaintiffs still have not filed a response to the Motion for Summary Judgment filed by the Defendants.

   C.  The subject matter of Plaintiffs' Complaint involves a parcel of property which Plaintiffs assert Defendants took without any valuable consideration. It appears that this is the same parcel which was the subject of an eviction proceeding initiated by Defendant MidFirst Bank against the Plaintiffs in the 36th District Court in the State of Michigan, *see* 36th District Court Case No. 06330035, as appealed to and decided in favor of Defendant Midfirst Bank in Wayne County Circuit Court. *See* Wayne County Circuit Court Case No. 06-632945. That case was decided (in both courts) in favor of Defendant Midfirst Bank and against Plaintiffs. As such, Plaintiffs' action is barred by collateral estoppel[2] and/or res judicata.[3]

---

[2] The doctrine of collateral estoppel precludes relitigation of an issue in a different, subsequent action between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding. See *People v Gates,* 434 Mich 146, 154; 452 NW2d 627 (1990); 1 Restatement Judgments, 2d, § 27, p 250. The doctrine is intended to relieve parties of multiple litigation, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on

For each of the foregoing reasons, *i.e.*, (1) failure to comply with the Court's direct Order, (2) failure to prosecute their case by responding to Defendants' Motion for Summary Judgment, and (3) collateral estoppel and/or res judicata based on the related state court action, Defendants' Motion for Summary Judgment is GRANTED, and Plaintiff's cause of action is hereby DISMISSED WITH PREJUDICE. Judgment shall be entered accordingly.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: October 26, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 26, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290

---

adjudication. *Detroit v Qualls,* 434 Mich 340, 357 n 30; 454 NW2d 374 (1990), citing *Allen v McCurry,* 449 US 90, 94; 101 S Ct 411; 66 L Ed 2d 308 (1980). Collateral estoppel bars relitigation of issues where the parties had a full and fair opportunity to litigate those issues in an earlier action. *Arim v General Motors Corp*, 206 Mich App 178, 195; 520 NW2d 695 (1994).

[3]*Res judicata* will apply if (1) the prior action was decided on the merits; (2) the decree in the prior action was a final decision; (3) the matter contested in the second case was or could have been resolved in the first; and (4) both actions involved the same parties or their privies. *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich.App. 1, 10 (2003). Michigan courts have broadly defined *res judicata* to bar litigation in the second action not only of those claims actually litigated in the first action, but also every claim arising out of the same transaction that the parties, exercising reasonable diligence, could have litigated but did not. *Sewell v. Clean Cut Mgt., Inc.*, 463 Mich. 569, 757 (2001); *Peterson*, 259 Mich.App. at 11. The test for determining whether two claims arise out of the same transaction or occurrence for *res judicata* purposes is whether the same facts or evidence are essential to the maintenance of the two actions. *Jones v. State Farm Mut. Ins. Co.*, 202 Mich.App. 393, 401 (1993).